UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **JAMES ROBERT CASEY,** | ) |
| **Petitioner,** | ) |
| v. | ) Case No.: 3:17-cv-02078-RDP-HNJ |
| **WARDEN DEBORAH TONEY, et al.,** | ) |
| **Respondents.** | ) |

**MEMORANDUM OPINION**

On October 5, 2020, the Magistrate Judge entered a Report and Recommendation recommending the court dismiss with prejudice Petitioner James Robert Casey's petition for a writ of habeas corpus as untimely. (Doc. 10). The Magistrate Judge further recommended the court deny Casey's motion to amend the petition to allege additional ineffective assistance of counsel claims as futile. (*Id.*) The Magistrate Judge advised the parties of their right to file specific written objections within fourteen days. (*Id.*) Casey filed timely objections on October 15, 2020. (Doc. 11).

Casey objects to the Magistrate Judge's conclusion that his petition is barred by the statute of limitations. (Doc. 11). Casey argues he is actually innocent of sexual abuse and cites a letter from the Alabama Department of Human Resources ("DHR"), dated August 12, 2010, which states, "We do not find sufficient evidence to support that you sexually abused [A.A.]" (Doc. 1 at 8; Doc. 11 at 3).

The Supreme Court has held that actual innocence, if proved, serves as a gateway allowing a habeas petitioner to overcome an impediment due to a procedural bar or expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To overcome the statute of limitations and to invoke the "actual innocence" exception to the AEDPA's one-year time limit, a

petitioner who has pleaded guilty to a crime must show that it is more likely than not that "in light of all the evidence, no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Jones v. United States*, 153 F.3d 1305, 1308 (11th Cir. 1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). And where, as here, "the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley v. United States*, 523 U.S. 614, 624 (1998).[1]

Casey has failed to show that he is entitled to rely on this exception to the limitations period because he has failed to provide any evidence that would suggest his innocence. *See Jones*, 153 F.3d at 1308. DHR's August 2010 letter to Casey (Doc. 1 at 8), does not make it more likely than not that "no reasonable juror would have found [him] guilty beyond a reasonable doubt" had they been aware of the letter. *Jones*, 153 F.3d at 1308 (quoting *Murray*, 477 U.S. at 496). The letter merely goes to the sufficiency of the evidence; it does not support a claim of actual innocence by disproving the charges in Casey's Indictment. Thus, the "actual innocence" exception does not apply to overcome the one-year statute of limitations and Casey's petition is time-barred.[2]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the court **OVERRULES**

---

[1] Casey was originally indicted for two counts of first-degree rape, one count of sexual abuse of a child under 12 years of age, and one count of first-degree sexual abuse. (Doc. 1 at 9). Ultimately, he pleaded guilty to only one count of sex abuse of a child under 12 years of age. (*Id.* at 9-10). To succeed on his claim, Casey must show that he is actually innocent of each crime with which he was charged. He has not done so.

[2] In the context of a habeas petition filed following a petitioner's conviction at trial, to waive the statute of limitations, courts have required the petitioner to establish two elements. One of those two elements is discussed above. A petitioner must show in light of all the evidence, it is more likely than not that a reasonable juror would not have found the petitioner guilty beyond a reasonable doubt. But, in *Schlup v. Delo*, the Supreme Court referenced an additional element. A petitioner must also provide "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Casey did not go to trial but rather pleaded guilty to a single charge. Thus, to the extent this element applies in a situation in which a petitioner has been adjudicated guilty on a plea as opposed to a jury verdict (and to be clear, the court believes that it does), Casey cannot meet this showing either. He has not shown that the evidence he relies upon is new or reliable.

the objections.  The court hereby **ADOPTS** the Report of the Magistrate Judge and **ACCEPTS** his Recommendation.  In accordance with the Recommendation, the court finds the petition is due to be dismissed as untimely.  In addition, Casey's motion to amend the petition to allege additional ineffective assistance of counsel claims is due to be denied as futile.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  The court finds Casey's claims do not satisfy either standard.

The court will enter a separate Final Judgment.

**DONE** and **ORDERED** this October 21, 2020.

                                                  _____
                                                  **R. DAVID PROCTOR**
                                                  UNITED STATES DISTRICT JUDGE